IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL LABORERS' PENSION FUND, NORTHERN ))
ILLINOIS & IOWA LABORERS' HEALTH AND )
WELFARE TRUST FUND, NORTHERN ILLINOIS )
ANNUITY FUND, ILLINOIS LABORERS' AND )
CONTRACTORS JOINT APPRENTICESHIP AND )
TRAINING FUND, NORTH CENTRAL ILLINOIS )
LABORERS' DISTRICT COUNCIL LABORERS- )
EMPLOYERS COOPERATION AND EDUCATION )
TRUST, GPLDC LABORERS-EMPLOYERS )
COOPERATION EDUCATION TRUST, ILLINOIS )
LABORERS-EMPLOYERS COOPERATION )
EDUCATION TRUST, LIUNA NATIONAL HEALTH & )
SAFETY FUND, MIDWEST REGION LABORERS- )
EMPLOYERS COOPERATION EDUCATION TRUST, )
QUAD CITIES FOUNDATION FOR FAIR )
CONTRACTING TRUST, MIDWEST REGION )
FOUNDATION FOR FAIR CONTRACTING, DRUG )
TESTING FUND, GREAT PLAINS LABORERS' )
VACATION FUND, LABORERS' LOCAL #309 )
POLITICAL ACTION COMMITTEE, LABORERS' )
LOCAL #309 BUILDING FUND, and LABORERS' )
LOCAL #309, )
    )
                    Plaintiffs,     )
    )
v.     )   Case No.:
    )
TAYLOR RIDGE PAVING & CONSTRUCTION CO.,   )
    )
                    Defendant.     )

**COMPLAINT**

**Count I: Compel a Payroll Audit and Delinquent Contributions**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, TAYLOR RIDGE PAVING & CONSTRUCTION CO., and allege as follows:

1. This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq.*, as amended, in particular 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer contributions and other amounts owed to Plaintiffs.

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (See, 29 U.S.C. §1132).

3. Plaintiff, Central Laborers' Pension Fund, is an employee benefit plan administered pursuant to the terms and provisions of a trust agreement creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §1001 *et seq.*  Plaintiff, Central Laborers' Pension Fund, is administered in Jacksonville, Illinois.

4. Plaintiff, Central Laborers' Pension Fund, receives contributions from numerous employers, and therefore, is a multiemployer plan. (See, 29 U.S.C. §1002).

5. The Central Laborers' Pension Fund is the collection agents for the other named Plaintiffs, which are employee benefit funds, labor organizations, labor-management committees/funds established pursuant to collective bargaining agreements between the Laborers' International Union of North America ("Union") and certain employer associations.

6. That Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5), (11), (12), and (14).

7. Defendant's place of business and address is in Taylor Ridge, Illinois.

8. Defendant signed a Memorandum of Agreement, which binds Defendant to multiple collective bargaining agreements, on January 23, 2012.  A copy of the Memorandum of Agreement is attached hereto and incorporated herein as **Exhibit A**.

9. The Memorandum of Agreement obligates Defendant to remit contributions and other amounts to Plaintiffs.

10. Defendant never properly terminated the Memorandum of Agreement.

11. Defendant is currently bound to the Memorandum of Agreement.

12. Defendant signed the Articles of Agreement between the Associated Contractors of the Quad Cities and Local Union No. 309 on January 23, 2012.  A copy of the Articles of Agreement is attached hereto and incorporated herein as **Exhibit B**.

13.  Exhibit B obligated Defendant to remit contributions and other amounts to Plaintiffs during the period of January 23, 2012 through December 31, 2012.

14. Defendant never properly terminated Exhibit B.

15. Defendant was bound to the Articles of Agreement between the Associated Contractors of the Quad-Cities and Local Union No. 309 covering the period of January 1, 2013 through December 31, 2015.  A copy of the Articles of Agreement covering the period of January 1, 2013 through December 31, 2015 is attached hereto and incorporated herein as **Exhibit C**.

16. Exhibit C obligated Defendant to remit contributions and other amounts to Plaintiffs during the period of January 1, 2013 through December 31, 2015.

17. Defendant never properly terminated Exhibit C.

18. Defendant is and was bound to the Articles of Agreement between the Associated Contractors of the Quad-Cities and Local Union No. 309 covering the period of January 1, 2016

through December 31, 2018 and from year to year thereafter; a copy of the Articles of Agreement covering this period is attached hereto and incorporated herein as **Exhibit D**.

19. Exhibit D obligates Defendant to remit contributions and other amounts to Plaintiffs during the period of January 1, 2016 through current.

20. Defendant has not terminated Exhibit D.

21. Pursuant to Exhibits A, B, C, and D (hereinafter collectively referred to as "Agreements"), Defendant is bound to Plaintiffs' trust documents.

22. Pursuant to ERISA, 29 U.S.C. §1145, Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the applicable Agreements and the applicable trust documents. Plaintiffs' trust documents, in pertinent part, are attached hereto and incorporated herein as **Exhibits E, F,** and **G**.

23. Pursuant to the Agreements and the trust documents, Plaintiffs are authorized and empowered to examine the necessary payroll books and records of Defendant to determine whether Defendant is making full payment as required under the Agreements.

24. Based upon information and belief, Defendant employed individuals who performed work within the geographical jurisdiction of Plaintiffs, and said individuals performed work covered by the Agreements for which contributions and other amounts are owed to Plaintiffs.

25. Based upon information and belief, Defendant has failed to submit all of the required report forms during the period of January 23, 2012 through current, which makes it impossible for Plaintiffs to know the full amount of Defendant's potential liability.

26. Based upon information and belief, Defendant has failed to properly and timely pay contributions and other amounts for all hours of work covered by the Agreements that were performed by Defendant's employees.

27. Defendant has, without good cause, failed to submit report forms and remit contributions and other amounts despite its contractual obligations to do so.

28. Plaintiffs demanded that Defendant provide access to its payroll books and records for purposes of an audit for the period of January 1, 2012 through current, but Defendant has refused to provide Plaintiffs with access to the necessary payroll books and records for purposes of an audit.

29. Defendant owes Plaintiffs fringe benefit contributions and other amounts for the hours of work performed by its employees for the period of January 23, 2012 through current that Defendant did not report to Plaintiffs.

30. Defendant breached the Agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs.

31. Defendant violated Plaintiffs' trust agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs.

32. Pursuant to 29 U.S.C. §1145 and the terms of the trust agreements, Defendant owes liquidated damages.

33. Defendant currently owes Plaintiffs known liquidated damages in the amount of $768.06.  Attached hereto and incorporated herein as **Exhibit H** is a breakdown of the known liquidated damages owed.

34. Pursuant to the trust agreements, Defendant is liable for reasonable attorneys' fees, court costs, audit costs, and other reasonable expenses in the collection of delinquent contributions.

35. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \* \* \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under

the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.     That judgment is entered in favor of Plaintiffs and against Defendant, TAYLOR RIDGE PAVING & CONSTRUCTION CO., for all fringe benefit contributions, check-offs, liquidated damages, interest audit costs, attorney fees, court costs, and all applicable statutory remedies pursuant to 29 U.S.C. §1132(g)(2) owed to Plaintiffs for the time period of January 23, 2012 through a future date including without limitation the ending date of any payroll compliance audit, as determined by a payroll compliance audit or otherwise;

B.     That Defendant, TAYLOR RIDGE PAVING & CONSTRUCTION CO., is ordered to provide and/or make available to Plaintiffs or their auditor, all of Defendant's payroll and other business records for the time period of January 23, 2012 through a future date determined by Plaintiffs or their auditor;

C.     That Plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of January 23, 2012 through a future date to be determined by the payroll audit, as well as for the liquidated damages, interest, audit costs, attorney's fees and costs to which Plaintiffs are entitled to pursuant to Plaintiffs' trust agreements and ERISA;

D.     That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due and owing to the Plaintiffs at the time Judgment is entered, including without limitation fringe benefit contributions, check-offs, liquidated damages, interest, and audit costs;

E.     That Defendant is decreed to pay to the Plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. §1132(g)(2)) and Plaintiffs' trust agreements;

F.     That Defendant is decreed to pay all costs attendant to these proceedings; and

G. That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, Plaintiffs' trust agreements, or as is otherwise just and equitable.

### Count II: Surcharge Assessments

NOW COMES the Plaintiff, CENTRAL LABORERS' PENSION FUND, by its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, TAYLOR RIDGE PAVING & CONSTRUCTION CO., and alleges as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1085, and 1145.

2. The Plaintiff, Central Laborers' Pension Fund (hereinafter "Pension Fund"), is an employee benefit fund administered pursuant to the terms and provisions of its trusts agreement, and the Pension Fund is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §§1001 et seq.

3. The Pension Fund is administered in Jacksonville, Illinois, making venue appropriate under 29 U.S.C. §1132(e).

4. Defendant is an Illinois corporation and maintains its place of business in Taylor Ridge, Illinois.

5. Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Section 1002(5), (11), (12), and (14).

6. Defendant is obligated to report and pay pension contributions to the Pension Fund on behalf of employees performing work covered by the Agreements pursuant to the terms and conditions of the Agreements and the trust agreement governing the Pension Fund.

7. Pursuant to 29 U.S.C. §1085(a) & (e), the Pension Fund is required to adopt a "rehabilitation plan" if the Pension Fund's actuary certifies that its funding condition is in "critical status" as defined in 29 U.S.C. §1085(b)(2).

8. On December 29, 2011, the Pension Fund was certified by its actuary to be in "critical status" for the plan year beginning on October 1, 2011.

9. The "rehabilitation plan," along with adoption forms for both the default schedule and the preferred schedule, was sent to Defendant which informed Defendant of the automatic employer surcharge assessments and the continuance of said employer surcharge assessments if the Defendant failed to adopt a schedule consistent with the "rehabilitation plan."

10. The information sent to Defendant informed Defendant that failure to adopt one of the schedules on or before March 1, 2012 would result in the imposition of the mandated 5% surcharge through September 30, 2012, and, effective October 1, 2012, a 10% surcharge assessment as required by 29 U.S.C. §1085(e)(7)(A)).

11. Defendant failed to adopt a schedule consistent with the "rehabilitation plan" on or before March 1, 2012.

12. Defendant reported hours worked by covered employees and paid contributions during the time period of May 2012 through June 2012, but failed to pay the Pension Fund the required surcharge assessments.

13. Based upon the contributions that were submitted from May 2012 through June 2012, the Pension Fund has determined that Defendant owes surcharges in the amount of $266.69. A detailed breakdown of the surcharges due for the requisite time periods is attached hereto as **Exhibit H**.

14. That the Pension Fund has notified Defendant that Defendant's contributions were subject to the 5% surcharge and that Defendant was liable to remit such surcharge.

15. That despite the Pension Fund's demand for payment, Defendant has failed to remit the surcharges and otherwise remit payment for such sums due and owing.

16. Pursuant to 29 U.S.C. §1085(e)(7)(B)), the Pension Fund is authorized to bring suit to collect employer surcharge assessments in the same manner as it would to collect delinquent contributions under 29 U.S.C. §1145.

17. Pursuant to the terms of Section 502(g) of ERISA (29 U.S.C. §1132(g)), the applicable trust agreement, the Defendant is also liable for reasonable attorney's fees, court costs and all other reasonable expenses incurred by the Pension Fund in the collection of surcharge assessment.

18. Accordingly, pursuant to the Pension Fund's trust agreement and the applicable provisions of ERISA, Defendant is liable for unpaid surcharges, liquidated damages, interest, and reasonable attorney's fees and costs incurred by the Pension Fund in this action.

WHEREFORE, the Pension Fund prays as follows:

A. That judgment be entered in favor of Plaintiff, CENTRAL LABORERS' PENSION FUND, and against Defendant, TAYLOR RIDGE PAVING & CONSTRUCTION CO., in the sum of $266.69, plus any additional surcharges that are found to be due and owing at the time judgment is rendered;

B. That Defendant, TAYLOR RIDGE PAVING & CONSTRUCTION CO., be ordered to pay to Plaintiff their reasonable attorney's fees, liquidated damages, interests and costs as provided by Section 502(g) of ERISA (29 U.S.C. Section §1132(g)); and

C. That Plaintiffs are awarded, at Defendant's cost, such further and other relief as may be available under ERISA, Plaintiffs' trust agreements, or as is otherwise just and equitable.

                    CENTRAL LABORERS' PENSION FUND, *et al.*,
                    Plaintiffs,

By:    s/ Timothy J. Shrake II
      TIMOTHY J. SHRAKE II
      **CAVANAGH & O'HARA LLP**
      2319 W. Jefferson Street
      Springfield, IL 62702
      Telephone: (217) 544-1771
      Fax: (217) 544-9894
      timshrake@cavanagh-ohara.com